UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| ATHANASIOS D. EDMONSTON, | ) |
| --- | --- |
| Petitioner, | ) |
| v. | ) No. 3:23-cv-00145 |
|  | ) Judge Trauger |
| WARDEN JOHNNY FITZ, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

Athanasios D. Edmonston filed a pro se petition under 28 U.S.C. § 2254 for a writ of habeas corpus (Doc. No. 1), and he has now filed an application to proceed as a pauper. (Doc. No. 6.) Because the application reflects that the petitioner cannot pay the $5 filing fee in advance without undue hardship, the application (Doc. No. 6) is **GRANTED**. And upon preliminary review of the Petition, *see* Habeas Rule 4, the Petition appears to be untimely and not subject to an equitable exception to the statute of limitations. Accordingly, the petitioner must follow the instructions at the end of this order to show cause in writing why this case should not be dismissed.

**I.     Background**

A Williamson County jury convicted the petitioner of especially aggravated kidnapping, aggravated burglary, aggravated assault, and assault, and the court sentenced him to 24 years' imprisonment. *State v. Edmonston*, No. M2014-02345-CCA-R3-CD, 2015 WL 5458050, at *3 (Tenn. Crim. App. Sept. 17, 2015). The Tennessee Court of Criminal Appeals (TCCA) affirmed, and the Tennessee Supreme Court denied discretionary review on January 19, 2016. *Id.*

On February 27, 2017, the state court received the petitioner's pro se petition for post-conviction relief. *Edmonston v. State*, No. M2020-01110-CCA-R3-PC, 2022 WL 517356, at *1

(Tenn. Crim. App. Feb. 22, 2022). The State moved to dismiss the petition as untimely, and the petitioner opposed that request. *See id.* The court ultimately dismissed the petition as untimely, and the TCCA affirmed on February 22, 2022. *Id.* at *2–5.

Meanwhile, in June 2018, the petitioner filed a motion under Rule 36.1 of the Tennessee Rules of Criminal Procedure in the state court. (Doc. No. 1 at 9; Doc. No. 1-2 at 1–8.) The court denied it in July 2019. (Doc. No. 2 at 10–11.)

On February 13, 2023, the petitioner filed the federal habeas petition that is currently before the court. (*See* Doc. No. 1 at 13–14 (signature date)); *Miller v. Collins*, 305 F.3d 491, 497–98 (6th Cir. 2002) (applying the prison mailbox rule to habeas petitions).

## II. Analysis

Under Habeas Rule 4, the court must review and dismiss the Petition "[i]f it plainly appears from the petition and any attached exhibits that" the petitioner "is not entitled to relief." *See also Crump v. Lafler*, 657 F.3d 393, 396 n.2 (6th Cir. 2011).

### A. Timeliness of the Petition

The federal habeas statute has a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). This limitations period runs from the latest of four dates, one of which is relevant here—"the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). One provision of this statute automatically tolls the limitations period while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). "Tolling, though, 'can only serve to pause a clock that has not yet fully run'; it does not 'revive the limitations period' or 'restart the clock at zero.'" *Eberle v. Warden, Mansfield Corr. Inst.*, 532 F. App'x 605, 609 (6th Cir. 2013) (quoting *Vroman v. Brigiano*, 346 F.3d 598, 602 (6th Cir. 2003)).

2

Case 3:23-cv-00145   Document 7   Filed 04/17/23   Page 2 of 6 PageID #: 73

Here, the Tennessee Supreme Court denied the petitioner's request for discretionary review on direct appeal on January 19, 2016. The petitioner then had 90 days to file a petition for a writ of certiorari in the United States Supreme Court. Sup. Ct. R. 13.1. He did not do so. The petitioner's judgment thus became final when this 90-day window expired, on April 18, 2016. Absent tolling, his federal habeas deadline was one year later, on April 18, 2017. *See Moss v. Miniard*, 62 F.4th 1002, 1010 (6th Cir. 2023) (explaining that, for purposes of 28 U.S.C. § 2244(d)(1)(A), the limitations period ends on the anniversary of the date a judgment became final).

Although the petitioner filed a state post-conviction petition, that event did not trigger the federal habeas statute's automatic tolling provision. Statutory tolling applies only to applications for state collateral review that are "properly filed." 28 U.S.C. § 2244(d)(2). "[A]n application is properly filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," including "the time limits upon its delivery." *Board v. Bradshaw*, 805 F.3d 769, 772 (6th Cir. 2015) (internal citations and quotation marks omitted). Therefore, if a state court rejects a post-conviction petition as untimely, then that petition was not "properly filed" for purposes of the statutory tolling provision. *See Davis v. Bradshaw*, 900 F.3d 315, 323 (6th Cir. 2018) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005); *Vroman*, 346 F.3d at 603)).

Here, the state court dismissed the petitioner's post-conviction petition as untimely, and the TCCA affirmed. That ruling is binding on this court. *See Vroman*, 346 F.3d at 604 (explaining that a federal habeas court "does not function as an additional state appellate court reviewing state-court decisions on state law or procedure"; rather, "[f]ederal courts are obligated to accept as valid a state court's interpretation of state law and rules of practice of that state" (citations omitted)). Accordingly, the post-conviction petition was not "properly filed," and it did not automatically toll the limitations period. *See Whitaker v. Parris*, No. 20-5872, 2020 WL 10046090, at *2 (6th Cir.

3

Dec. 16, 2020) (noting that a Tennessee court's rejection of a post-conviction petition on timeliness grounds meant that the petition was not "properly filed" (citing *Pace*, 544 U.S. at 414).

The petitioner's motion under Rule 36.1 of the Tennessee Rules of Criminal Procedure also does not aid him in this analysis. The federal habeas deadline expired in April 2017, and the petitioner did not file his Rule 36.1 motion until June 2018. Because the limitations had already expired when the petitioner filed it, his Rule 36.1 motion did "not 'revive the limitations period' or 'restart the clock at zero.'" *Eberle*, 532 F. App'x at 609 (quoting *Vroman*, 346 F.3d at 602).

With a filing deadline of April 2017, and a filing date of February 2023, the petitioner's federal habeas petition appears to be untimely by nearly six years.

B.  **Equitable Exceptions to the Statute of Limitations**

There are two equitable exceptions to the statute of limitations: equitable tolling, *see Holland v. Florida*, 560 U.S. 631, 645 (2010), and actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). Both exceptions are applied sparingly, and a petitioner bears the burden of demonstrating an entitlement to the exception. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012) (equitable tolling); *McQuiggin*, 569 U.S. at 386 (actual innocence). For equitable tolling, a petitioner must "establish: (1) that he has diligently pursued his rights; and (2) 'that some extraordinary circumstance stood in his way and prevented timely filing.'" *Keeling*, 673 F.3d at 462 (quoting *Holland*, 560 U.S. at 649). And for actual innocence, a petitioner must present previously unavailable evidence to establish "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *McQuiggin*, 569 U.S. at 399 (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

The petitioner does not reference any new evidence that could support an argument for actual innocence. So this exception to the statute of limitations appears to be inapplicable.

4

As for equitable tolling, the petitioner argues that the Petition is timely because he filed it within one year of the TCCA affirming the dismissal of his state post-conviction petition in February 2022. (*See* Doc. No. 1 at 12.) As explained above, however, the one-year deadline to file a federal habeas petition started running when the petitioner's judgment became final at the conclusion of the *direct review* process (not the state post-conviction process), and his post-conviction proceedings did not toll the limitations period. To the extent that the petitioner might rely on this misunderstanding of the law to argue for equitable tolling, it is well-established that "pro se status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and to excuse [a] late filing." *Keeling*, 673 F.3d at 464 (citations omitted).

The petitioner also rehashes some arguments regarding the timeliness of his state post-conviction petition, including that he was incarcerated under maximum security conditions when that petition was due and that he did, in fact, give that petition to prison authorities before the state post-conviction deadline expired in early 2017. (*See* Doc. No. 1 at 12.) But again, as explained above, this court cannot second-guess the state court's ruling that the post-conviction petition was untimely under Tennessee law. And to the extent that the petitioner may rely on these allegations to request equitable tolling for his federal habeas petition, any difficulties the petitioner faced in filing his state post-conviction petition in late 2016 and early 2017 do not justify the lack of diligence that the petitioner displayed by waiting one year to file his federal habeas petition after the TCCA affirmed the dismissal of his post-conviction petition in February 2022. The court, then, comes back to the petitioner's apparent misunderstanding that the one-year federal habeas deadline started running from that point in February 2022—a misunderstanding that does not justify equitable tolling. *See Keeling*, 673 F.3d at 464.

### III. Conclusion and Instructions to the Petitioner

For these reasons, the Petition appears to be untimely, and the petitioner has not demonstrated that an equitable exception to the statute of limitations applies (be it equitable tolling or actual innocence). Rather than dismiss the case, however, the court will give the petitioner an opportunity to respond to this analysis. *See Day v. McDonough*, 547 U.S. 198, 210 (2006) (permitting timeliness rulings after parties have notice and an opportunity to present positions).

The petitioner **MUST** respond to this order in writing to show cause why the Petition should not be dismissed as untimely. The petitioner's response must be filed within **30 DAYS** of the date this order is entered on the docket and include the assigned case number, **3:23-cv-00145**. The petitioner may request more time to respond before the deadline expires, if necessary. To file in person or by mail, the court's address is: U.S. District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The petitioner is **WARNED** that failure to follow these instructions will result in dismissal of the Petition for the reasons stated in this order. Also, failure to promptly inform the court of any change in address may result in dismissal of this case. M.D. Tenn. L.R. 41.01(b).

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge